**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS YAROFALCHUW, | No.    23-15279 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00001 |
| v. | |
| JOHN CABRERA; DANNY FITIAL, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted February 13, 2024
Honolulu, Hawaii

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.

Plaintiff Nicholas Yarofalchuw (Plaintiff) appeals the district court's grant

of summary judgment in favor of Defendant-Appellees Sergeant John Cabrera and

Danny Fitial in his action brought pursuant to 42 U.S.C. § 1983.  Because the

parties are familiar with the facts, we do not recount them here, except as

necessary to provide context to our ruling.  We have jurisdiction pursuant to 28

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. §1291, and we affirm.

1. The district court did not err in granting Defendants' motion for summary judgment. We assume without deciding that Yarofalchuw was seized by a show of authority when Cabrera failed to leave the property and the officers blocked the driveway with their cars. However, Yarofalchuw has not met his burden to show that the alleged violation of his rights was clearly established by law. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021).

"For a constitutional right to be clearly established, a court must define the right at issue with specificity and not at a high level of generality." *Id.* at 968 (internal quotations omitted and cleaned up). Moreover, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Yarofalchuw argues that the officers violated his right to be free from an unlawful seizure and defines the right as one to be "free to disregard the police, terminate the encounter with them, and go about his business." But that right is defined at too high a level of generality to put officers on notice of a potential violation, and the cases Yarofalchuw cites in support of his position are materially distinguishable from the facts at issue here. *See, e.g., United States v. Al-Azzawy*, 784 F.2d 890, 891, 893 (9th Cir. 1985) (holding that seizure occurred where

2

officers surrounded the defendant's trailer with their guns drawn and ordered him to step outside and get on his knees); *Fisher v. City of San Jose*, 558 F.3d 1069, 1072, 1074 (9th Cir. 2009) (holding that seizure occurred when the arrestee's house was surrounded by over sixty police officers in an armed standoff).

2. Even if Yarofalchuw's physical arrest was unlawful, no clearly established law put the officers on notice that arresting him between the hedges at the end of his driveway would constitute an arrest within the curtilage of his home. Yarofalchuw argues otherwise, citing *Brizuela v. City of Sparks*, No. 22-16357, 2023 WL 5348815, at *1 (9th Cir. Aug. 21, 2023), in which we affirmed a district court's denial of qualified immunity on a plaintiff's search and seizure claims. But the officers in *Brizuela* were put on notice of the constitutional violation because Supreme Court precedent made clear that Brizuela's front porch—where the violation occurred—constituted curtilage, *see Fla. v. Jardines*, 569 U.S. 1, 6–7 (2013). Moreover, *Brizuela* cannot have clearly established that Yarofalchuw's arrest in 2021 was unlawful: it is an unpublished memorandum disposition and was decided after the events of this case. Yarofalchuw raises a number of other cases in support of his argument, but none "place[] the statutory or constitutional question beyond debate." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam).

3. The district court did not abuse its discretion in denying Plaintiff's motion

3

to amend. The first time Plaintiff sought leave to add an excessive force claim was at the same hearing where the district court denied his motion for summary judgment, on December 1, 2022.

In denying Plaintiff's motion, the district court explained that Plaintiff had to show "good cause" existed for modifying the scheduling order under Rule 16. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). The court noted that Plaintiff was fully aware of his excessive force claim earlier in the litigation and had in fact filed a separate action for excessive force in state court on October 6, 2022—ten months after the district court complaint was filed and six months after the deadline for any amendment of pleadings in the federal case.

The district court properly exercised its discretion by enforcing the deadlines in the scheduling order and ensuring that Plaintiff did not manipulate deadlines once "he s[aw] the value of an alternative claim or theory of liability after an adverse ruling by the Court."

**AFFIRMED.**